UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HUNTER HADDAWAY, PAUL MCCREARY, ROBERT STURGIS, AND MATTHEW TRAVIS HOUSTON,<br><br>            Plaintiffs,<br><br>   v.<br><br>JAMES DZURENDA, et al.,<br><br>            Defendants. | Case No. 2:25-cv-01876-ART-NJK<br><br>ORDER STRIKING FUGITIVE DOCUMENTS AND DISMISSING AND CLOSING CASE<br><br>(ECF Nos. 8, 10, 11, 12) |

This action began with a civil-rights complaint under 42 U.S.C. § 1983 and an incomplete application to proceed *in forma pauperis* purportedly filed by Nevada prisoners Hunter Haddaway, Paul McCreary, Robert Sturgis, and Matthew Houston. (ECF Nos. 1-1, 1). The initiating documents are recycled from others of vexatious litigant Matthew Travis Houston's lawsuits and direct the Court to "see" those cases. (*See, e.g.*, ECF No. 1-1 at 6–8). Because Houston sought to bypass the vexatious litigant pre-filing order that applies to him when initiating this lawsuit with other inmates, the Court dismissed him from this action, denied the incomplete *in forma pauperis* application, dismissed the complaint, and gave only Haddaway, McCreary, and Sturgis the opportunity to proceed with this lawsuit if any of them wished to do so. (ECF No. 6).

To that end, the Court gave Haddaway, McCreary, and Sturgis until November 19, 2025, to file a signed complaint with allegations pertaining to only themselves and either pay the full $405 filing fee or each file his own new and fully complete application to proceed *in forma pauperis*. (*Id.*) That deadline expired without Haddaway, McCreary, or Sturgis complying with or responding to the Court's order. Houston, however, filed documents purporting, among other things, to remove one plaintiff and add another, seeking injunctive relief, and seeking permission to file this lawsuit. (ECF Nos. 8, 10, 11, 12).

1

## I.    DISCUSSION

### A.    Non-party Houston's documents are stricken from the docket.

Houston is not a party in this case. As explained in the Court's prior order and on numerous other occasions, Houston is subject to a vexatious litigant pre-filing order issued by Judge Dorsey that requires him to satisfy certain conditions before filing a new action in this court "using any pages he has already filed in another case." *See Houston v. Encore Event Technologies, et al.*, Case No. 2:22-cv-01740-JAD-EJY, ECF No. 30 at 8 (D. Nev. Oct. 24, 2023). Because the pre-filing order requires Houston to obtain permission from the chief judge before he files a lawsuit, he cannot apply for that relief after he files a lawsuit in violation of the order. Because Houston is not a party entitled to relief in this lawsuit and his most recent filings violate the pre-filing order, those documents are stricken from the docket.

### B.    Relevant factors favor dismissing this action.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,

2

1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Haddaway, McCreary, and Sturgis's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until Haddaway, McCreary, and Sturgis file a complaint and either pay the $405 filing fee or each files his own *in forma pauperis* application, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often

only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting a second deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.    CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Hunter Haddaway, Paul McCreary, and Robert Sturgis's failure to file a complaint and address the matter of the filing fee in compliance with this Court's October 20, 2025, order. The Clerk of Court is directed to enter judgment accordingly and close this case. If Hunter Haddaway, Paul McCreary, or Robert Sturgis wish to pursue their claims, they must do so in a new case and they must address the matter of the filing fee.

Non-party Matthew Travis Houston's most recent filings (ECF Nos. 8, 10, 11, 12) are stricken from the docket. If Houston wishes to pursue his claims, he must comply with the conditions of the pre-filing order. *See Houston v. Encore Event Technologies, et al.*, Case No. 2:22-cv-01740-JAD-EJY, ECF No. 30 at 8 (D. Nev. Oct. 24, 2023).

DATED: February 9, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4